

# Fourth Court of Appeals
## San Antonio, Texas

May 18, 2022

No. 04-22-00210-CV

Lawrence **LAU**,
Appellant

v.

**BREAKAWAY PRACTICE, LLC**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-07115
Honorable Tina Torres, Judge Presiding

# O R D E R

In its original petition, Breakaway Practice, LLC ("Breakaway") sued Lawrence Lau for breach of contract, declaratory relief, an accounting, and several other claims pled in the alternative to the breach of contract claim. The trial court granted summary judgment on Breakaway's breach of contract claim. Thereafter, on Breakaway's motion, the trial court entered a "Final Judgment" on March 9, 2022. While the judgment purports to be a final judgment, it appears Breakaway's claims requesting declaratory relief and an accounting have not been disposed of. Lau filed a notice of appeal attempting to appeal the trial court's "Final Judgment" signed and entered on March 9, 2022.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's order of March 9, 2022, appears to be interlocutory because it does not dispose of all parties and causes of action. Thus, it does not appear to be a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows a party to appeal from an interlocutory order granting summary judgment that does not dispose of all parties and causes of action.

Next, Lau's notice of appeal was due to be filed on April 8, 2022. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due on April 25, 2022. *See*

TEX. R. APP. P. 26.3. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 of the Texas Rules of Appellate Procedure, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

We, therefore, ORDER appellant to show cause in writing, on or before **June 2, 2022**, why this appeal should not be dismissed for lack of jurisdiction.

We further ORDER appellant to file, on or before **June 2, 2022**, a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. If appellant fails to respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

It is so on **ORDERED** May 18, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT